UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Russell DeFreitas, Tiffany Hart, all same and similarly situated,<br><br>                                            Plaintiffs,<br><br>                    -v-<br><br>Raymond A. Tierney,<br><br>                                            Defendant. | 2:24-cv-6856<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  Before the Court are motions seeking leave to proceed *in forma pauperis* ("IFP") (IFP Mots., ECF Nos. 2, 9, 11) filed by Russell DeFreitas ("DeFreitas") and Tiffany Hart ("Hart"), acting pro se and while each is incarcerated as a pretrial detainee at the Suffolk County Correctional Facility, in relation to a Complaint against Suffolk County Attorney Raymond A. Tierney ("DA Tierney or "Defendant"). (Compl., ECF No. 1.) Because DeFreitas has already accumulated "three strikes" pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA" or "Section 1915(g)") and has not alleged that he is "under imminent danger of serious physical injury," his application to proceed IFP is denied.

  In addition, upon review of Hart's IFP application, for the reasons that follow, the Court denies her IFP application without prejudice and with leave to renew on the AO 239 Long Form IFP application ("Long Form") attached to this Memorandum and Order. Given that it is unclear whether Hart signed and filed the documents bearing her signature for the reasons set forth below, Hart is ordered to include a statement expressing her intention to proceed with this matter

1

together with the Long Form.

DeFreitas is ordered to pay the $405 filing fee or his pro rata share thereof should Hart be granted IFP status upon her renewed application.

## BACKGROUND

DeFreitas is no stranger to this Court having filed ten actions since July 24, 2023 all relating to his detention and pending state court criminal prosecution.[1] Both DeFreitas and Hart are presently incarcerated at the Suffolk County Correctional Facility as pretrial detainees under Suffolk County Indictment No. 71385-23. (Compl. ¶ I.A.) According to the Complaint, DeFreitas and Hart were arrested on March 11, 2023. (*Id.* at 4.) Thereafter, DeFreitas and Hart each pled not guilty to a multi-count indictment and are awaiting trial in the New York State Supreme Court, Suffolk County. The gravamen of the Complaint alleges improprieties surrounding the grand jury proceedings. (*Id.*)

---

[1] *See DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:23-cv-5933 (E.D.N.Y. June 7, 2024) ("*DeFreitas I*") (amended complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz, et al.*, No. 2:24-cv-2368 (E.D.N.Y. June 7, 2024) ("*DeFreitas II*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz, et al.*, No. 2:24-cv-2918 (E.D.N.Y. June 7, 2024) ("*DeFreitas III*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Sheriff Errol D. Toulon*, No. 2:24-cv-3394 (E.D.N.Y. June 7, 2024) ("*DeFreitas IV*") (Section 2241 petition dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. A.D.A. Jacob Kubetz*, No. 2:24-cv-5264 (E.D.N.Y. Aug. 20, 2024) ("*DeFreitas V*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Sheriff Errol D. Toulon, et al.*, No. 2:24-cv-5035 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VI*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. Senft*, 2:24-cv-6320 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VII*") (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"); *DeFreitas v. Senft*, No. 2:24-cv-06347 (E.D.N.Y. filed Sept. 9, 2024) ("*DeFreitas VIII*") (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)); *DeFreitas v. State of New York et al*, No. 2:24-cv-07813 (E.D.N.Y filed Oct. 30, 2024) ("*DeFreitas X*"). The present Petition is DeFreitas's ninth filed case since July 24, 2023.

## I. Procedural History[2]

On September 25, 2024, the Court received a handwritten complaint submitted on the Court's complaint form for actions brought pursuant to 42 U.S.C. § 1983 that appears penned by DeFreitas and names "Russell DeFreitas, Tiffany Hart, all same and simirly situated,"[3] as the plaintiffs and Raymond A. Tierney as the sole defendant. (Compl. at 1.) Although the Complaint bears signatures for DeFreitas and Hart, the Court notes that the penmanship appears to be that of DeFreitas for both signatures. In addition, the Complaint was filed with an IFP application only from DeFreitas. (DeFreitas IFP Mot., ECF No. 2.)

Accordingly, by Notice of Deficiency dated October 1, 2024, Hart was instructed to complete and return the enclosed IFP application within 14 days in order to proceed with her claims. (Not. of Def., ECF No. 4.) On October 10, 2024, DeFreitas filed another IFP application. (2d DeFreitas IFP Mot., ECF No. 9.) Also on October 10, 2024, the Court received an IFP application for Hart which appear to be penned and signed by DeFreitas. (Hart IFP Mot., ECF No. 11.) Like DeFreitas's other complaints (*see supra*, at 2 n.2), the present Complaint challenges the grand jury proceedings wherein he and Hart were indicted. (Compl. at 4–5.)

---

[2] Under otherwise noted, excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[3] As this Court has previously apprised DeFreitas, although DeFreitas styles the Complaint in this action as brought on behalf of himself and others similarly situated, DeFreitas may represent only himself. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their *own cases* personally or by counsel . . . .") (emphasis added). Indeed, the Court has so apprised DeFreitas having dismissed such claims in *DeFreitas I*, No. 2:23-cv-5933 (E.D.N.Y), ECF No. 18 at 1 n.1, and *DeFreitas VII*, No. 2:24-cv-2918 (E.D.N.Y.), ECF No. 12 at 2.

## LEGAL STANDARDS

### I. In Forma Pauperis

The Court may "authorize the commencement . . . of any suit, action, or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dep't of Educ.*, No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-cv-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *3 (E.D.N.Y. June 2, 2021). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-cv-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)).

Section 1915(g), often referred to as the "three strikes" rule, however bars prisoners from proceeding IFP after three or more previous civil actions or appeals have been "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## DISCUSSION

**I.     DeFreitas**

Here, DeFreitas is disqualified from proceeding IFP having already accumulated at least three strikes and in the absence of any allegations in the Complaint that he is "under imminent danger of serious physical injury." *See DeFreitas v. Senft*, 2:24-cv-6320 (E.D.N.Y. Oct. 15, 2024) ("*DeFreitas VII*") (IFP denied pursuant to 28 U.S.C. § 1915(g)'s "three strikes provision"); 28 U.S.C. § 1915(g)).[4]

Accordingly, DeFreitas's IFP Motions are denied and DeFreitas is ordered to pay the $405 filing fee or his pro rata share of the filing fee within twenty-one (21) days of the Court's ruling on Hart's renewed IFP application as set forth below. Further, DeFreitas is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case and he would thus be well-advised to review the Court's Orders in his prior cases addressing the same claims and/or events as are alleged in the present Complaint.

DeFreitas is further advised that his payment of the filing fee does not exempt him from the Court's screening of his claims as required by 28 U.S.C. § 1915A(a), which requires the Court to screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss any such complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Should DeFreitas timely remit the filing fee,

---

[4] Because each of the following cases was dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) as bringing claims that were frivolous or malicious and/or that failed to state a claim upon which relief may be granted, the dismissal of each case constitutes a strike for purposes of 28 U.S.C. § 1915(g): *DeFreitas II*, No. 2:24-cv-2368 (E.D.N.Y.); *DeFreitas III*, No. 2:24-cv-2918 (E.D.N.Y.); *DeFreitas V*, No. 2:24-cv-5264 (E.D.N.Y.).

or his pro rata share thereof, the Complaint shall be screened pursuant to 28 U.S.C. § 1915A(a).

## II. Hart

Upon review of Hart's IFP application, (Hart IFP Mot.), the Court finds that Hart has provided insufficient information to determine her qualification to proceed IFP. Although Hart reports that she receives "money gifts from my parents about $100.00 a month," she has reported no other financial information, including how much money she has in cash or in an account. (*Id.* ¶¶ 3(e), 4.) Rather, Hart wrote "N/A" in response to every other question on the IFP application. (*Id.* ¶¶ 4–8.)

Because Hart's IFP application fails to adequately report her financial information, her IFP Motion is denied without prejudice and with leave to renew on the Long Form. Hart shall file the Long Form together with a statement expressing her intention to proceed with this case within twenty-one (21) days of the date of this Order or her claims will be dismissed without prejudice.

### CONCLUSION

For the reasons stated above, the Court denies DeFreitas's IFP Motion and orders him to pay the $405 filing fee or his pro rata share of the filing fee within twenty-one (21) days of the Court's ruling on Hart's renewed IFP application. Hart's renewed IFP application is due within twenty-one (21) days of the date of this Order.

The Clerk of the Court shall mail a copy of this Memorandum and Order to DeFreitas and a copy of this Memorandum and Order and the Long Form to Hart at their respective addresses of record, include the notation "Legal Mail" on the envelopes, and note such mailings on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
November 21, 2024

                                                */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge