UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Russell DeFreitas, Tiffany Hart, all same and similarly situated,<br><br>            Plaintiffs,<br><br>   -v-<br><br>Raymond A. Tierney,<br><br>            Defendant. | 2:24-cv-6856<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

  By Memorandum and Order dated November 21, 2024 ("Order"), the Court: (1) denied the motion seeking leave to proceed in forma pauperis ("IFP") filed by Plaintiff Russell DeFreitas ("DeFreitas") and ordered him to pay the $405 filing fee or his pro rata share of the filing fee within twenty-one (21) days of the Court's ruling on any IFP motion filed by Plaintiff Tiffany Hart ("Hart" and together "Plaintiffs"); and (2) ordered Hart to file the AO 239 Long Form IFP application "together with a statement expressing her intention to proceed with this case within twenty-one (21) days of the date of this Order or her claims will be dismissed without prejudice." (*See* Mem. & Order, ECF No. 12 at 5–6.) The Order was mailed separately to DeFreitas and Hart at their respective addresses of record on November 22, 2024, and neither has been returned to the Court. To date, DeFreitas has not paid the filing fee, nor has he communicated with the Court about this case. Similarly, Hart has not filed a renewed AO 239 Long Form IFP application, nor has she filed a statement expressing an intention to proceed with this case.

The Court therefore considers the five factors that must be weighed when determining whether to dismiss a case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), as set forth in *Baptiste v. Sommers*:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

768 F.3d 212, 216 (2d Cir. 2014).

Balancing these five factors, it is appropriate to dismiss this action without prejudice for failure to prosecute under Rule 41(b). The Court's Order set a deadline for DeFreitas and Hart of twenty-one days, i.e. December 13, 2024. (*See* Mem. & Order at 5–6.) More than a month and a half since that deadline elapsed neither DeFreitas nor Hart has complied with the Court's Order or communicated with the Court about this case. The Order placed DeFreitas and Hart on notice that failure to comply with the Order would result in dismissal of their claims without prejudice. (*Id.*) Defendant has not appeared in this action, and so prejudice to Defendant by further delay would be limited. Since DeFreitas and Hart appear to have abandoned this case, the Court's need to reduce docket congestion outweighs their right to be heard in this case. Indeed, the "efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court overseeing its docket and guaranteeing that its cases progress with appropriate speed." *Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). Finally, in light of Plaintiffs' failure to comply with the Court's Order, no lesser sanction would be appropriate. However, the Court exercises its discretion to dismiss the Complaint without prejudice, rather than with prejudice, to strike the appropriate balance

under the circumstances.

Accordingly, the Complaint is dismissed without prejudice pursuant to Rule 41(b). The Clerk of the Court shall: (1) enter judgment accordingly and close this case; and (2) mail a copy of this Memorandum and Order and Judgment to DeFreitas and Hart at their respective addresses of record, include the notation "Legal Mail" on the envelopes, and note such mailings on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
January 28, 2025

                                               */s/ Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge